### BRUNSWICK–BALKE–COLLENDER CO. v. KLUMPP et al.

(Circuit Court, S. D. New York. October 28, 1903.)

1. PATENTS—INVENTION—BOWLING APPARATUS.
   The Reisky patent, No. 599,447, claim 1, for an improvement in bowling apparatus, which consists of a specially constructed runway for the return of the balls, since the filing of a disclaimer of the feature of using a double incline, is void on its face, for lack of patentable invention.

In Equity. Suit for infringement of letters patent No. 599,447, for an improvement in bowling apparatus, granted to Emil Reisky February 22, 1898. On demurrer to bill.

S. L. Moody, for the demurrer.
Jos. C. Clayton, opposed.

WALLACE, Circuit Judge. Under the stipulation of the parties, the first claim of the patent in suit is the only one in controversy, and the question to be decided is whether that claim is void upon the face of the patent, for want of novelty.

The patentable novelty of that claim was considered by the Circuit Court of Appeals in a case brought by this complainant against Thum (111 Fed. 904, 50 C. C. A. 61), and its validity was adjudged upon the consideration that the patentee was the first to use the double incline, which is the essential feature of the claim; and the court was of the opinion that although the improvement seemed a simple and obvious one, as disclosed on the face of the patent, nevertheless the extrinsic evidence to the contrary, showing numerous unsuccessful attempts to accomplish the desired result by other means, was too persuasive to be disregarded. Since that decision was made, the complainant has discovered that the patentee was not the first inventor of a bowling alley in which the double incline was employed, and has filed a disclaimer, so as to confine the claim to a "construction which secures greatly increased speed in the return of the ball, from the pit end to the player's end of the return way, and at the same time prevents injurious concussion of the rapidly homed balls:" I think this disclaimer eliminates from the claim its only patentable feature, and that invention cannot reside in introducing a difference of degree in the inclines, or a greater perfection of workmanship or mechanical details. The complainant by its own action has overthrown the presumption of novelty arising from the action of the Patent Office in allowing the claim.

The demurrer is allowed, with costs.